# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALEXANDRA LOPEZ | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 8:11-cv-416 |
| | ) | |
| v. | ) | |
| | ) | |
| ATM NETWORK, INC., MONEY ON | ) | ANSWER TO FIRST AMENDED |
| DEMAND, LLC and WORLDPAY US, | ) | CLASS ACTION COMPLAINT |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO AMENDED CLASS ACTION COMPLAINT
## AND AFFIRMATIVE DEFENSES

NOW COMES WorldPay US, Inc. ("WorldPay") by and through its attorneys, Seyfarth

Shaw LLP and Kutack Rock LLP, and for its Answer to Amended Complaint, states as follows:

## I. JURISDICTION AND VENUE

### COMPLAINT ¶1:

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 *et. seq.*

### ANSWER:

Admitted.

### COMPLAINT ¶2:

Plaintiffs claims asserted herein arose in this judicial district and Defendants are operators of Automated Teller Machines ("ATM") in this judicial district.

### ANSWER:

Denied.

### COMPLAINT ¶3:

Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**ANSWER:**

    Admitted.

## II. PARTIES

**COMPLAINT ¶4:**

    Plaintiff, Alexandra Lopez, was and at all times relevant hereto is a citizen of the United States and a resident of Potawatomie County, Iowa.

**ANSWER:**

    WorldPay lacks sufficient information as to the allegations set forth in this Paragraph,

and therefore leaves Plaintiff to her proofs..

**COMPLAINT ¶5:**

    Defendant, ATM Network, Inc. ("ATM Network"), is a Minnesota corporation with its principle place of business in Minnetonka, Minnesota. Defendant regularly operates ATMs in the District of Nebraska.

**ANSWER:**

    WorldPay lacks sufficient information as to the allegations set forth in this Paragraph,

and therefore leaves Plaintiff to her proofs.

**COMPLAINT ¶6:**

    Defendant Money On Demand, LLC ("Money On Demand"), is a business located in Lee's Summit, Missouri, that is engaged in the business of operating ATMs in the District of Nebraska.

**ANSWER:**

    WorldPay lacks sufficient information as to the allegations set forth in this Paragraph,

and therefore leaves Plaintiff to her proofs.

**COMPLAINT ¶7:**

    Defendant, Worldpay US, Inc. ("Worldpay"), is a Georgia corporation with its principal place of business in Atlanta, Georgia. Defendant regularly operates ATMs in the District of Nebraska.

2

14081500v.1

**ANSWER:**

WorldPay admits that it is a Georgia corporation with its principal place of business in

Atlanta, Georgia.  WorldPay denies the remaining allegations of this Complaint.

**COMPLAINT ¶8:**

Defendants ATM Network, Money on Demand and Worldpay are ATM operators, as that term is defined by 12 C.F.R. § 205.16(a) which states: "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."

**ANSWER:**

Denied.

### III. STATEMENT OF FACTS

**COMPLAINT ¶9:**

On or about November 15, 2011, Plaintiff made an electronic fund transfer ("EFT") at Defendants' ATM designated "LK773906" at 17305 Davenport Street, Omaha, Nebraska 68118 in the Village Pointe Shopping Center. Defendants charged Plaintiff a fee of $3.00 in connection with the transaction.

**ANSWER:**

Denied.

**COMPLAINT ¶10:**

On or about November 15, 2011, Plaintiff made an EFT at Defendants' ATM designated "LK773910" at 17305 Davenport Street, Omaha, Nebraska 68118 in the Village Pointe Shopping Center.  Defendants charged Plaintiff a fee of $3.00 in connection with the transaction.

**ANSWER:**

Denied.

**COMPLAINT ¶11:**

At the time of the electronic transactions, Plaintiff did not maintain any accounts with Defendants.

**ANSWER:**

WorldPay lacks sufficient information as to the allegations set forth in this Paragraph,

and therefore leaves Plaintiff to her proofs.

**COMPLAINT ¶12:**

At the time of the transactions, there was no notice posted "on or at" the ATMs operated by Defendants apprising consumers that a fee would be charged for use of the ATM.

**ANSWER:**

Denied.

**COMPLAINT ¶13:**

Plaintiff brings this action individually and on behalf of all others similarly situated against Defendants alleging violations of the Electronic Fund Transfer Act ("EFTA") 15 U.S.C.§ 1693 *et seq.* and its implementing regulations 12 C.F.R. § 205 *et seq.*

**ANSWER:**

WorldPay admits that Plaintiff purports to bring this action individually and on behalf of

all others similarly situated against Defendants alleging violations of the Electronic Fund

Transfer Act ("EFTA") 15 U.S.C.§ 1693 *et seq.* and its implementing regulations 12 C.F.R. §

205 *et seq.*

WorldPay denies that Plaintiff is entitled to recover any damages in this case, or her costs

and attorneys fees and denies all remaining allegations of this Paragraph.

**COMPLAINT ¶14:**

The Congressional findings and declaration of purpose regarding the EFTA are as follows:

(a)     Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers.  However, due to the unique characteristics of such systems, the application of existing consumer protection

legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b)    Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.  The primary objective of this subchapter, however, is the provision of individual consumer rights.

15 U.S.C. § 1693.

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation E, the allegations are denied.

**COMPLAINT ¶15:**

Among other things, the EFTA imposes certain disclosure requirements upon operators of automated teller machines ("ATMs").

**ANSWER:**

Admitted.

**COMPLAINT ¶16:**

15 U.S.C. § 1693b(d)(3)(A) requires any ATM operator who imposes fees on consumers in connection with EFTs to provide notice of the fact that the fee is being imposed and the amount of the fee.[1]

---

[1] "Electronic fund transfer" is defined as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone...." 15 U.S.C. § 1693a(6).

14081500v.1

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above

paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation

E, the allegations are denied.


**COMPLAINT ¶17:**

15 U.S.C. § 1693b(d)(3)(B) identifies the location where the required notice must be posted as follows:

(B)     Notice requirements

(i)     On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

(ii)     On the screen

The notice required under clauses (i) and (ii) subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction....

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above

paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation

E, the allegations are denied.


**COMPLAINT ¶18:**

The relevant implementing regulation, 12 C.F.R. § 205.16(c) reinforces EFTA's statutory posting requirement, mandating that the mandatory fee notice: 1) be posted in a "prominent and conspicuous location" on or at the ATM machine; and 2) "on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying the fee." 12 C.F.R. § 205.16(c)(1) and (2).

6

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above

paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation

E, the allegations are denied.


**COMPLAINT ¶19:**

15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. 205.16(e), prohibit ATM operators from imposing a fee on a consumer unless EFTA's notice and posting requirements are followed by the ATM operator.

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above

paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation

E, the allegations are denied.


**COMPLAINT ¶20:**

Specifically, 15 U.S.C. § 1693b(d)(3)(C) states, in relevant part:

(C) Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless-

(i)      The consumer receives such notice in accordance with subparagraph (B)...

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above

paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation

E, the allegations are denied.

7

## IV. CLASS ACTION ALLEGATIONS

**COMPLAINT ¶21:**

Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

**ANSWER:**

WorldPay admits that Plaintiff purports to bring this action individually and on behalf of

all others similarly situated.

WorldPay denies that a class action is appropriate and denies that Plaintiff is entitled to

recover any damages in this case, or her costs and attorneys fees and denies all remaining

allegations of this Paragraph.

**COMPLAINT ¶22:**

Plaintiff seeks to represent a class of persons to be defined as follows:

All persons who, in the twelve (12) months prior to the filing of Plaintiff s complaint, made an EFT at one of Defendants' ATMs designated 1) "LK773906" or 2) "LK773910," both located at 17305 Davenport Street, Omaha, Nebraska 68118 in the Village Pointe Shopping Center in Omaha, Nebraska, and were charged a "terminal owner fee" in connection with the transaction.

**ANSWER:**

WorldPay admits that Plaintiff purports to seek to represent such a class, but denies that a

class action is appropriate.

**COMPLAINT ¶23:**

Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

**ANSWER:**

Denied.

**COMPLAINT ¶24:**

Plaintiff is informed and believes, and thereon alleges, that there are at minimum, thousands of members of the class described above.

**ANSWER:**

Denied.

**COMPLAINT ¶25:**

The exact size of the class and the identities of the individual members thereof are ascertainable through Defendants' records.

**ANSWER:**

Denied.

**COMPLAINT ¶26:**

Members of the class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, email notice, website notices, first class mail, or combinations thereof or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

**ANSWER:**

Denied.

**COMPLAINT ¶27:**

Typicality: Plaintiffs claims are typical of the claims of the members of the class.  The claims of the Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful and willful conduct.

**ANSWER:**

Denied.

**COMPLAINT ¶28:**

Plaintiff and members of the class were each consumers who used an ATM machine operated by Defendants to make an EFT or balance inquiry and were charged a terminal owner fee, notwithstanding that the posting providing notice of the fee required by EFTA "on or at" Defendants' terminals was not present.

**ANSWER:**

    Denied.


**COMPLAINT ¶29:**

    <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the class.

**ANSWER:**

    Denied.

**COMPLAINT ¶30:**

    The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

    a.    Whether, under 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. 205.16, Defendants were, at all relevant times, an automated teller machine operator that imposed a fee on consumers for providing host electronic fund transfer services to those consumers;

    b.    Whether Defendants complied with the notice requirements of 15 U.S.C. § 1693(d)(3)(B) and 12 C.F.R. 205.16; and,

    c.    Whether Plaintiff and members of the class are entitled to statutory damages, costs and/or attorneys' fees for Defendants' acts and conduct.

**ANSWER:**

    Denied.

**COMPLAINT ¶31:**

    <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

**ANSWER:**

    Denied.

14081500v.1

**COMPLAINT ¶32:**

Superiority: A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.  While the aggregate damages that may be awarded to the members of the class are likely to be substantial, the damages suffered by the individual members of the class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the class.  The likelihood of the individual members of the class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

**ANSWER:**

Denied.

## V. SUBSTANTIVE VIOLATION

**COMPLAINT ¶33:**

15 U.S.C. § 1693b(d)(3)(A) provides that as a prerequisite to imposition of a usage fee upon a consumer for host transfer services, an automated teller machine operator must provide notice to the consumer consistent with subparagraph (B) of that statutory section.

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above

paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation

E, the allegations are denied.

**COMPLAINT ¶34:**

Subparagraph (B) of 15 U.S.C. § 1693(d)(3) provides in relevant part:

(B)     Notice requirements

(i)      On the machine

11

14081500v.1

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation E, the allegations are denied.

**COMPLAINT ¶35:**

In turn, subparagraph (c) of 15 U.S.C. § 1693b(d)(3) states, in relevant part:

(C)      Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless-

(i)      The consumer receives such notice in accordance with subparagraph (B)...

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation E, the allegations are denied.

**COMPLAINT ¶36:**

EFTA's statutory notice requirements are reinforced by the implementing regulations set forth at 12 C.F.R. § 205.16.

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above

paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation

E, the allegations are denied.


**COMPLAINT ¶37:**

Defendants violated the notice requirements of EFTA in connection with providing host transfer services to Plaintiff and the Class.

**ANSWER:**

Denied.

**COMPLAINT ¶38:**

On information and belief, the notice required by 15 U.S.C. § 1693(d)(3) and 12 C.F.R. § 205.16 was not posted at Defendants' ATMs designated "LK773906" or "LK773910," both located at 17305 Davenport Street, Omaha, Nebraska 68118 in the Village Pointe Shopping Center in Omaha, NE, during the entire year preceding the filing of Plaintiff's complaint.

**ANSWER:**

Denied.

**COMPLAINT ¶39:**

Defendants were prohibited from imposing any usage fee or similar fee for providing host transfer services because it failed to comply with EFTA's notice requirements.

**ANSWER:**

Denied.

**COMPLAINT ¶40:**

15 U.S.C. § 1693m provides that Defendants shall be liable to Plaintiff and Class for violations of 15 U.S.C. § 1693 *et seq.* in the amount of, *inter alia,* statutory damages to be determined by the Court, the costs of this action and reasonable attorneys' fees.

**ANSWER:**

WorldPay defers to the language of the statute and regulation referenced in the above paragraph, and, to the extent that the above characterization differs from the EFTA or Regulation E, the allegations are denied.

**COMPLAINT ¶41:**

Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees.

**ANSWER:**

WorldPay admits that Plaintiff seeks the imposition of statutory damages, costs of suit and attorneys' fees, but denies that such relief is proper.

Answering further, WorldPay affirmatively states that it advised Plaintiff's counsel in January 2012 who was the actual owner and operator of the ATM at issue in this case, that WorldPay has no obligation related to the provision of notice, that WorldPay was neither an owner nor an operator of the machine, and further stated that WorldPay does not collect a fee from any consumer with regards to this machine. Nonetheless, Plaintiff continues to prosecute her claim against WorldPay despite having such knowledge, subjecting her to payment of all costs and attorneys' fees pursuant to 15 U.S.C. § 1693m(f).

WHEREFORE, pursuant to 15 U.S.C. § 1693m(f), Defendant WorldPay respectfully requests the Court award all fees and costs to WorldPay associated with its effort to defend a case brought in bad faith and for purposes of harassment against WorldPay.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense—Statutory

Pursuant to 15 U.S.C. 1693m (c), a good faith defense exists in that a party may not be liable under the EFTA when, if a notice was not present, the absence was not intentional on the

14

part of the Defendant and resulted from a bona-fide error notwithstanding the maintenance of procedures reasonably adopted by Defendant to avoid such error.

### Second Affirmative Defense—Statutory

Pursuant to 15 U.S.C. § 1693h (d), Defendant states that it posted notice in compliance with the statutory requirements of 15 U.S.C. § 1693 *et seq*. and Defendant did not subsequently cause the written notice on any machine to be damaged or missing.

### Third Affirmative Defense – Unclean Hands

Defendant is informed and believes, and on the basis of that information and belief alleges, that Plaintiff is not entitled to relief because Plaintiff acted and reacted to the matters alleged in the Complaint with unclean hands.

### Fourth Affirmative Defense—Assumption of Risk

To the extent that no notice was physically affixed to the ATM machine identified in the Complaint, the defense of assumption of risk applies because Plaintiff was aware from the notice provided on the ATM screen that a fee would be charged if he continued with the transaction.

### Fifth Affirmative Defense-- Estoppel

To the extent that no notice was physically affixed to the ATM machine identified in the Complaint, the defense of estoppel applies because Plaintiff, through his conduct and actions, did not object to the imposition of a fee, intended that Defendant rely on his actions and Defendant had no means to ascertain that Plaintiff objected to the fee.

### Sixth Affirmative Defense—Waiver

To the extent that no notice was physically affixed to the ATM machine identified in the Complaint, the defense of waiver applies because Plaintiff knew that a fee would be imposed based upon the notice presented on the ATM screen, but continued with the transaction

15

demonstrating a clear and distinct manifestation to waive his right to any remedy or right under law.

DATED:  February 14, 2012

WORLDPAY US, INC.,
Defendant


By s/ Jason P. Stiehl
　　Jason P. Stiehl
　　SEYFARTH SHAW LLP
　　131 South Dearborn Street
　　Suite 2400
　　Chicago, Illinois 60603
　　(312) 460-5000

　　and

　　Paul Gwilt
　　KUTACK ROCK LLP
　　The Omaha Building
　　1650 Farnam St.
　　Omaha, NE 68102
　　(402) 346-6000

16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 14, 2012 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which sent notification of such electronic filing to the following:

Tracy Hightower-Henne
Hightower Law, LLC
tracy@hightowerlawomaha.com

David E. Krause
Krause, Hovland Law Firm
dkrause@krausehovland.com

Michael Lewis
The Lewis Firm PLLC
mlewis@lewis-firm.com

James B. Hovland
Krause, Hovland Law Firm
jhovland@krausehovland.com

David E. Coople
Copple, Rockey Law Firm
DECopple@GreatAdvocates.com

s/ Jason P. Stiehl_____